UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Julien Pepy,

        Plaintiff,

v.

Alissa Johnson Interiors Inc.,

        Defendant.

Case No:

**DEMAND FOR JURY TRIAL**

# COMPLAINT

Plaintiff Julien Pepy ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Alissa Johnson Interiors Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a series of photographs (the "*Photographs*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates an account on Instagram @alissajohnsoninteriors ("*Account 1*").

4. Defendant owns and operates an account on Facebook @alissajohnsoninteriors ("*Account 2*")(collectively "Account I and Account II are referred to as the "*Accounts*").

5. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photographs on the Accounts and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Julien Pepy is an individual who is a citizen of and maintains a principal place of business in Paris, France.

7.      Upon information and belief, defendant Alissa Johnson Interiors Inc., is an Illinois corporation with a principal place of business at 901 South 2nd Street, Suite 201, Springfield in Sangamon County, Illinois.

### JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.      This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Illinois.

10.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

### FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

11.     Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15.     On August 15, 2023, Plaintiff first published Photograph 1 of a head-on view of a cherry cola toned bathroom vanity with a marble sink, vertical stacked tiles, and bronze hardware. A copy of Photograph 1 is attached hereto as Exhibit 1.

16.     Plaintiff published Photograph 1 by commercially licensing for the purpose of display and/or public distribution.

17. In creating Photograph 1, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

18. On January 11, 2024, Photograph 1 was registered by the USCO under Registration No. VA 2-383-629.

19. On August 15, 2023, Plaintiff first published Photograph 2 of a side view of a cherry cola toned bathroom vanity with a marble sink, vertical stacked tiles, and bronze hardware. A copy of Photograph 2 is attached hereto as Exhibit 1.

20. Plaintiff published Photograph 2 by commercially licensing for the purpose of display and/or public distribution.

21. In creating Photograph 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

22. On September 2, 2023, Photograph 2 was registered by the USCO under Registration No. VA 2-364-862.

23. Plaintiff created the Photographs with the intention of their being used commercially and for the purpose of display and/or public distribution.

B. **Defendant's Infringing Activity**

24. Defendant is the registered owner of the Accounts and is responsible for their content.

25. Defendant is the operator of the Accounts and is responsible for their content.

26. The Accounts are a part of and used to advance Defendant's commercial enterprise.

27. The Accounts are monetized in that they contain paid advertisements and, on information and belief, Defendant profits from these activities.

28. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of

sophistication.

29. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

30. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

31. On or about August 31, 2023, Defendant displayed Photograph 1 on Account 1 at URL: https://www.facebook.com/photo/?fbid=783520157114533&set=pcb.783520197114529. A copy of a screengrab of Account 1 including Photograph 1 is attached hereto as Exhibit 2.

32. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 1 on Account 1.

33. On or about August 31, 2023, Defendant displayed Photograph 2 on Account 2 at URL: https://www.instagram.com/p/Cxapxu_LEdf/?img_index=2. A copy of a screengrab of Account 2 including Photograph 2 is attached hereto as Exhibit 2.

34. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 2 on Account 2.

35. Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (the "*Infringements*").

36. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

37. The Infringements are an exact copy of Plaintiff's original images that were directly copied and displayed by Defendant on the Accounts.

38. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting,

4

commenting on, and/or displaying images including but not limited to Plaintiff's Photographs.

39. Upon information and belief, the Photographs were willfully and volitionally posted to the Accounts by Defendant.

40. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

41. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

42. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

43. Upon information and belief, the Photographs are readily identifiable as copyright protected as it contains a copyright watermark on the image, thereby making Defendant's infringements willful as a matter of law.

44. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Accounts.

45. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

46. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

47. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

5

48. Upon information and belief, Defendant monitors the content on its Accounts.

49. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

50. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

51. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Accounts.

52. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted materials.

53. Defendant's use of the Photographs harmed the actual market for the Photographs.

54. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

55. On November 16, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringements of Plaintiff's rights-protected works.

56. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

57. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work on its Facebook account thereby establishing the willful nature of its conduct.

58. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

59. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

60. The Photographs are original, creative works in which Plaintiff owns valid copyrights.

61. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

62. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of his exclusive rights in the copyright to Defendant.

63. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in his copyrights.

64. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

65. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using them on the Websites.

66. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

67. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

68. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled

to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying them without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e. for pre-judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: July 18, 2024

                              **SANDERS LAW GROUP**

                              By:  */s/ Craig B. Sanders*
                              Craig B. Sanders, Esq.
                              333 Earle Ovington Blvd, Suite 402
                              Uniondale, NY 11553
                              Tel: (516) 203-7600
                              Email: csanders@sanderslaw.group
                              File No.: 129024

                              *Attorneys for Plaintiff*